# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE BENT,** | : | |
|     **Petitioner** | : | |
| | : | No. 1:20-cv-314 |
|     v. | : | |
| | : | (Judge Rambo) |
| **WARDEN QUAY,** | : | |
|     **Respondent** | : | |

## MEMORANDUM

Presently before the Court are *pro se* Petitioner Andre Bent ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Respondent's response and suggestion of mootness (Doc. No. 12). For the following reasons, the Court will dismiss as moot Petitioner's § 2241 petition.

## I. BACKGROUND

On September 19, 2017, the Honorable Lewis Kaplan of the United States District Court for the Southern District of New York sentenced Petitioner to serve 135 months of imprisonment after Petitioner pled guilty to one count of engaging in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. No. 1 at 14-15.) Judge Kaplan directed that 80 months of Petitioner's sentence "shall run concurrently with the undischarged state term of imprisonment imposed in 2011 (Case No. 01462-2011), after which the balance of this term of imprisonment shall run consecutive to the state sentence." (*Id.* at 15.)

Petitioner, who is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned case by filing his § 2241 petition on February 24, 2020. Petitioner asserts that the Bureau of Prisons ("BOP") has refused to credit the 80 months that Judge Kaplan ordered be served concurrently with his state sentence to his federal sentence. (*Id.* at 5.) As relief, Petitioner asks the Court to direct the BOP to credit those 80 months toward his sentence. (*Id.* at 3.) After receiving three (3) extensions of time (Doc. Nos. 6-11), Respondent filed his response and suggestion of mootness on June 23, 2020 (Doc. No. 12). Respondent suggests that Petitioner's § 2241 petition is moot because the "BOP has informed the United States Attorney's Office that since the filing of this petition, it has appropriately adjusted [Petitioner's] term of imprisonment pursuant to U.S.S.G. § 5K2.23 to effectuate a sentence in accordance with the court's intent at sentencing." (*Id.* at 1.) Respondent has attached Petitioner's sentence computation sheet indicating that his total term to serve equals 55 months and that his projected release date is November 30, 2021. (Doc. No. 12-1 at 4.)

II. **DISCUSSION**

A prisoner seeking to challenge either the fact or duration of his imprisonment may file a habeas corpus petition pursuant to § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, Article III of the Constitution provides that the "judicial

power shall extend to . . . cases . . . [and] to controversies." U.S. Const. Art. III, § 2.  Thus, federal courts are restricted to adjudicating "actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). "If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001).

As noted *supra*, since the filing of this § 2241 petition, the BOP has recalculated Petitioner's sentence to "effectuate a sentence in accordance with the court's intent at sentencing." (Doc. No. 12 at 1.)  Petitioner has been given credit for the 80 months ordered to run concurrently with his state sentence, and the BOP's sentence calculation sheet now indicates that Petitioner's total term is 55 months with a projected release date of November 30, 2021.  (Doc. No. 12-1 at 4.)  Petitioner, therefore, has received the relief he seeks in his § 2241 petition, and there is nothing more for this Court to remedy. *See Spencer v. Kenma*, 523 U.S. 1, 18 ("Mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Accordingly, because Petitioner has received the relief he seeks, the Court will dismiss his § 2241 petition as moot. *See Cordero v. Zickefoose*, No. 11-3753 (NLH), 2011 WL 6944909, at *4 (D.N.J. Dec. 30, 2011) (dismissing as moot § 2241 petition

seeking credit toward his federal sentence because the BOP had provided the petitioner the relief sought).

## III. CONCLUSION

For the following reasons, Petitioner's § 2254 petition (Doc. No. 1) will be dismissed as moot. A COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: June 25, 2020